UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD W ROWNAN,

        Plaintiff,

v.

PIERCE COUNTY,

        Defendant.

CASE NO. 3:19-CV-05505-BHS-DWC

ORDER TO SHOW CAUSE OR AMEND

Plaintiff Donald W. Rownan, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983.[1] Having reviewed and screened Plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds Plaintiff has failed to state a claim, but provides Plaintiff leave to file an amended pleading by July 11, 2019, to cure the deficiencies identified herein.

**I.    Background**

Plaintiff, who is incarcerated at Washington Corrections Center, alleges he was "wrongfully imprisoned" after a Pierce County Sheriff arrested him for possession of a stolen

---

[1] Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis*. Dkt. 1. However, the Court finds it improbable Plaintiff will be able to cure the deficiencies of his Complaint and therefore will not rule on the request to proceed *in forma pauperis* until Plaintiff has filed an amended complaint.

vehicle. Dkt. 1-1. Specifically, Plaintiff alleges he had no knowledge the vehicle was stolen and was wrongfully incarcerated on the pending charge from December 25, 2015 until April 6, 2016, "when the charge was dismissed with prejudice without a trial." *Id.* Plaintiff seeks monetary damages for his alleged wrongful imprisonment. *Id.*

## II. Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

Plaintiff's Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### A. Statute of Limitations

In the Complaint, Plaintiff alleges he was wrongfully imprisoned from December 25, 2015 until April 6, 2016. Dkt. 1-1.

A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

Plaintiff alleges he was wrongfully imprisoned from December 25, 2015 to April 6, 2016. Dkt. 1-1. As such, based on the allegations contained in the Complaint, Plaintiff had actual notice of the facts related to the claims alleged in the Complaint on December 25, 2015 (or at the latest, April 6, 2016). *See id.*; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). Taking the latest date possible, the time for filing a lawsuit expired on April 6, 2019, three years after Plaintiff was released from his alleged wrongful imprisonment. *See* Dkt. 1-1. Plaintiff signed – effectively filing – the Complaint on May 23, 2019, approximately six weeks after the last possible date the statute of limitations expired. *See id.* Plaintiff has not shown

statutory or equitable tolling is applicable in this case. *See id.* Therefore, Plaintiff must show cause why the Complaint should not be dismissed because it is untimely.

B. Improper Defendant

The only defendant in Plaintiff's Complaint is Pierce County. *See* Dkt. 1-1.

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (citations omitted).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. Int'l Bus. Machs. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

The definition of "persons" under § 1983 applies to the actions of "persons" acting under color of state law, including municipalities, such as counties. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 690 (1978). To set forth a claim against a municipality, a plaintiff

must show the municipality employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690-91 (1978). Specifically, a plaintiff must show (1) deprivation of a constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992). Hence, for a plaintiff to recover against a county, claiming supervisory liability is not enough; a county may only be held liable if its policies or customs are the "moving force behind the constitutional violation." *City of Canton*, 489 U.S. at 389 (quoting *Monell*, 436 U.S. at 694).

In this case, Plaintiff has not alleged facts showing Pierce County is liable under § 1983. Plaintiff alleges he was wrongfully imprisoned at Pierce County Jail until the charges against him were dismissed. But Plaintiff has not identified a policy, custom, or pattern implemented by Pierce County which resulted in deprivation of Plaintiff's constitutional rights. *See id.* If Plaintiff intends to pursue a claim against Pierce County, he must allege facts sufficient to meet the required elements of a claim against a county, and show the county violated his constitutional rights.

**III. Instructions to Plaintiff and the Clerk**

Due to the deficiencies described above, the Court will not serve Plaintiff's Complaint. If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5)

what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976). Each claim for relief must be simple, concise, and direct.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for any previously filed complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before July 11, 2019, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service.

Dated this 11th day of June, 2019.

David W. Christel
United States Magistrate Judge