UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD W ROWNAN,

Plaintiff,

v.

KATHLEEN OLIVER, et al.,

Defendants.

CASE NO. 3:19-CV-05505-BHS-DWC

REPORT AND RECOMMENDATION

Noting Date: August 23, 2019

Plaintiff Donald W. Rownan, proceeding *pro se*, filed this civil rights complaint pursuant to 42 U.S.C. § 1983. After reviewing Plaintiff's Amended Complaint, the Court finds Plaintiff has failed to state a claim and has failed to adequately respond to the Court's Order to Show Cause. Therefore, the Court recommends this action be dismissed and all pending motions, including the Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1), be denied as moot.

I.   **Background**

In the Amended Complaint, Plaintiff, who is housed at the Olympic Corrections Center, alleges Defendants – Pierce County Prosecutors Kathleen Oliver, Frank Krall, and Scott Petters – violated his Fourteenth Amendment right to due process by "wrongfully and unlawfully

imprison[ing]" him. Dkt. 8, p. 5. Specifically, Plaintiff alleges Defendants kept him incarcerated despite another person being convicted of the crime Plaintiff was alleged to have committed. Dkt. 8, pp. 4-5. Plaintiff alleges he should have been released "pending investigation" but was instead incarcerated on the charges from December 25, 2015 until April 5, 2016. *Id.* Plaintiff seeks monetary damages for his alleged wrongful imprisonment. *Id.* at pp. 5-6.

On June 11, 2019, the Court screened Plaintiff's Complaint and found it was deficient. *See* Dkt. 3. The Court ordered Plaintiff to correct the deficiencies in the Complaint by July 11, 2019. *Id.* After the Court granted Plaintiff an extension of time, Plaintiff filed the Amended Complaint on July 22, 2019. Dkt. 7, 8.

**II.    Discussion**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A.  Failure to State a Claim

In the Amended Complaint, Plaintiff named three Pierce County Prosecutors as Defendants. *See* Dkt. 8, p. 3. Prosecutors are entitled to absolute immunity from liability for damages under § 1983. *Imbler v. Pachtman*, 424 U.S. 409, 427 (1976). Prosecutorial immunity protects a prosecutor who "acts within his or her authority and in a quasi-judicial capacity." *Asheleman v. Pope*, 793 F.2d 1072, 1076 (9th Cir. 1986) (citing *Imbler*, 424 U.S. at 430-31).

1   "Such immunity applies even if it leaves 'the genuinely wronged defendant without civil redress

2   against a prosecutor whose malicious or dishonest action deprives him of liberty.'" *Id.* (quoting

3   *Imbler*, 424 U.S. at 427). As Defendants have immunity, Plaintiff has failed to state a claim

4   against them and his claims cannot proceed.

5           Further, Plaintiff fails to clearly identify how any of the Defendants allegedly violated his

6   rights, or clearly state the alleged wrongdoing of each Defendant. He provides only generalized

7   statements alleging Defendants unlawfully incarcerated him after another person admitted to a

8   crime and that he "should have been released . . . pending investigation." *See* Dkt. 8, p. 5.

9   Without properly alleging actions each Defendant took which violated his rights, Plaintiff has

10  failed to state a claim for which relief can be granted in this action. *See Ashcroft v. Iqbal*, 556 U.S.

11  662, 678 (2009) (the pleading must be more than an "unadorned, the-defendant-unlawfully-

12  harmed-me accusation"); *Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir.

13  1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state

14  section 1983 claims).

15          B.   Statute of Limitations

16          In the Complaint, Plaintiff alleges he was wrongfully imprisoned from December 25,

17  2015 until April 5, 2016. Dkt. 8, p. 5.

18          A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no

19  statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under

20  state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th

21  Cir. 1981). In *Rose*, the Ninth Circuit determined the three-year limitations period identified in

22  Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases

23  in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

24

1    The Court also applies the forum state's law regarding equitable tolling for actions

2    arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts

3    permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998).

4    "The predicates for equitable tolling are bad faith, deception, or false assurances by the

5    defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable

6    tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable

7    neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted).

8    Washington State also allows for a tolling period when a person is imprisoned on a criminal

9    charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL

10   216705, *2 (E.D. Wash. July 31, 2006).

11   Although the statute of limitations is an affirmative defense which normally may not be

12   raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma*

13   *pauperis* complaint where the defense is complete and obvious from the face of the pleadings or

14   the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

15   Plaintiff alleges that he was unlawfully incarcerated from December 25, 2015 to April 5,

16   2016. Dkt. 8, pp. 4-5. As such, based on the allegations contained in the Amended Complaint,

17   Plaintiff had actual notice of the facts related to the claims alleged in the Amended Complaint on

18   December 25, 2015 (or at the latest, April 5, 2016). *See id.*; *Kimes v. Stone*, 84 F.3d 1121, 1128

19   (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury

20   which is the basis of the action). Taking the latest date possible, the time for filing a lawsuit

21   expired on April 5, 2019, three years after Plaintiff was released from his alleged wrongful

22   imprisonment. *See* Dkt. 8. Plaintiff signed – effectively filing – the Complaint on May 23, 2019,

23   nearly seven weeks after the last possible date the statute of limitations expired. *See* Dkt. 1-1.

24

1   Plaintiff has not alleged facts showing statutory or equitable tolling is applicable in this case. *See*

2   Dkt. 8. Therefore, Plaintiff has failed to state a claim for which relief can be granted in this

3   action.

4   Further, Plaintiff failed to follow the Court's Order to Show Cause on the issue of statute of

5   limitations. In the Order to Show Cause, the Court found Plaintiff's claims possibly barred by the

6   statute of limitations and directed Plaintiff to show cause why this action should not be dismissed

7   as untimely. *See* Dkt. 3. Plaintiff failed to provide information showing statutory or equitable

8   tolling is applicable in this case. *See* Dkt. 8. The Court finds Plaintiff's failure to adequately

9   address issues raised in the Order to Show Cause also warrants dismissal.

10          C.  Leave to Amend

11          The Ninth Circuit has "established that a pro se litigant bringing a civil rights suit must

12   have an opportunity to amend the complaint to overcome deficiencies unless it is clear that they

13   cannot be overcome by amendment." *Eldridge v. Block*, 832 F.2d 1132, 1135-36 (9th Cir. 1987).

14   The Court finds Plaintiff has failed to allege facts sufficient to show Defendants liable under §

15   1983. The Court finds Plaintiff cannot overcome the deficiencies of his claim against

16   Defendants. Moreover, the Court previously notified Plaintiff that his claims were possibly

17   barred by the statute of limitations. *See* Dkt. 3. As Plaintiff has been given leave to amend and has

18   been instructed regarding the deficiencies of his claims, the Court recommends Plaintiff not be

19   given leave to again amend his claims. *See Swearington v. California Dep't of Corr. & Rehab.*,

20   624 F. App'x 956, 959 (9th Cir. 2015) (finding the district court did not abuse its discretion in

21   dismissing without leave to amend because the plaintiff did not cure the complaint's deficiencies

22   despite the district court's specific instructions about how to do so); *see also Fid. Fin. Corp. v.*

23   *Fed. Home Loan Bank of San Francisco,* 792 F.2d 1432, 1438 (9th Cir.1986) ("The district

24

1   court's discretion to deny leave to amend is particularly broad where the court has already given

2   the plaintiff an opportunity to amend his complaint.").

3   **III.    Conclusion**

4   For the above stated reasons, the undersigned recommends Plaintiff's Amended Complaint

5   be dismissed without prejudice for failure to state a claim and all pending motions, including the

6   Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 1), be denied. The Court also

7   recommends this dismissal count as a strike. *See* 28 U.S.C. § 1915(g).

8   Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9   fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

10  6. Failure to file objections will result in a waiver of those objections for purposes of *de novo*

11  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

12  imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on

13  August 23, 2019, as noted in the caption.

14  Dated this 5th day of August, 2019.

15

16

17  David W. Christel
    United States Magistrate Judge

18

19

20

21

22

23

24